# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GREENE, DAVID JONES, | No. 4:21-CV-00026 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| WARDEN E. BRADLEY, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MAY 18, 2021

This case is before the Court on Plaintiffs' "Emergency Motion for Preliminary Injunction" and "Emergency Motion for Temporary Restraining Order."[1] For purposes of this Opinion, it will be construed as a Motion for Preliminary Injunction.

## I.     PROCEDURAL BACKGROUND

Plaintiffs, both inmates confined in the Canaan United States Penitentiary ("USP-Canaan"), Waymart, Pennsylvania, commenced this action by filing the instant Motion for Preliminary Injunction.[2] This motion however, was unaccompanied by a complaint or filing fee/motion for leave to proceed *in forma*

---

[1] Doc. 1.
[2] *Id.*

*pauperis*. Subsequent to the filing of their motion, Plaintiffs filed a motion to appoint counsel[3] and motions for leave to proceed *in forma pauperis*.[4]

In their Motion for Preliminary Injunction, Plaintiffs claim that they are being denied access to the courts by staff members at USP-Canaan.[5] Specifically, they claim that "Ofc. Bond, Ofc. Barrett and other USP-Canaan staff members, acting in concert or participation with them in USP-Canaan's mailroom have been returning African-American legal mail back to our attorneys' offices as REFUSED/RETURN TO SENDER – VACANT UNABLE TO FORWARD, while all other races, including but not limited to, Hispanics, White inmates receive their legal mail from their attorneys."[6] Plaintiffs allege that USP-Canaan staff are returning their legal mail to the sender "with a fraudulent notice instructing [the sender] to send Plaintiffs' legal mail to a Florida address."[7] Plaintiffs state that "said Florida address is Smart Communications in Pinellas Park, Florida, which is only utilized to copy and scan and process inmate personal mail not Legal Mail" and as a result "Smart Communications returned said mail as REFUSED because they are not allowed to open and/or process inmates Legal Mail."[8] (emphasis in original).

---

[3] Doc. 5.
[4] Docs. 9, 10.
[5] *Id*.
[6] *Id*.
[7] *Id*.
[8] *Id*.

Plaintiffs request that this Court issue an order enjoining USP-Canaan staff, in conjunction with mailroom staff, to:

> 1. Stop refusing and returning inmate Legal Mail back to sender.
> 2. Stop utilizing the fraudulent false notice to instruct inmates attorneys to send their legal mail to the Florida address mentioned herein.
> 3. Stop the racially discriminatory illegal mail practice of refusing to accept African Americans' Legal Mail here at USP-Canaan.
> 4. For USP-Canaan mailroom to immediately notify every inmate whom legal mail has been "RETURN TO SENDER," which is consistent with BOP policy (so inmates can know to contact the Courts and/or their attorney) (for the year 2020 and 2021).[9]

For the reasons that follow, the Court will administratively close the above captioned action, subject to reopening upon Plaintiffs' filing of a proper complaint.

## II. LEGAL STANDARD

Motions for preliminary injunctive relief are governed by Rule 65 of the Federal Rules of Civil Procedure[10] and are judged against exacting legal standards. To obtain a preliminary injunction or a temporary restraining order, a movant "must satisfy the traditional four-factor test: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the non-moving party; and (4)

---

[9] *Id*.
[10] Pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure, a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). In contrast, a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney" if certain conditions are met. Fed. R. Civ. P. 65(b)(1).

the public interest favors such relief."[11]  It is the movant's burden to show a likelihood of success on the merits.[12]

Preliminary injunctive relief is not granted as a matter of right.[13]  Generally, preliminary injunctive relief is an extraordinary remedy that places precise burdens on the moving party, and "[t]he preliminary injunction must be the only way of protecting the plaintiff from harm."[14]  "It has been well stated that upon an application for a preliminary injunction to doubt is to deny."[15]  Further, where the requested preliminary injunctive relief "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy."[16]  Mandatory injunctions should be used sparingly.[17]

For a party to sustain his burden of proof that he is entitled to preliminary injunctive relief under Rule 65, he must demonstrate both a reasonable likelihood of success on the merits and irreparable harm if the requested relief is not granted.[18]  "As these elements suggest, there must be 'a relationship between the

---

[11] *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010).
[12] *Campbell Soup Co. v. ConAgra Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).
[13] *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982), *see also Thomas v. Pennsylvania Dep't of Corr.*, 3:13-CV-2661, 2014 WL 3955105, at *1 (M.D. Pa. Aug. 13, 2014) ("An injunction is an 'extraordinary remedy' that is never awarded as of right."). Rather, the decision to grant or deny such relief is committed to the discretion of the district court. *United States v. Price*, 688 F.2d 204, 210 (3d Cir. 1982).
[14] *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).
[15] *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).
[16] *Punnet v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980).
[17] *United States v. Price*, 688 F.2d 204, 212 (3d Cir. 1982).
[18] *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998); *Kershner*, 670 F.2d at 443.

injury claimed in the party's motion and the conduct asserted in the complaint.' "[19]

"To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action."[20] To establish irreparable injury, "the moving party must establish that the harm is imminent and probable."[21] "The mere risk of injury is not sufficient to meet this standard."[22] And the burden of showing irreparable injury "is not an easy burden" to meet.[23] In assessing a motion for preliminary injunctive relief, a court must also consider the harm to the defendants and whether granting the preliminary injunction will be in the public interest.[24]

## III. DISCUSSION

Initially, the Court notes that Plaintiffs did not file a complaint with their Motion for Preliminary Injunction and therefore not all the factors of the traditional four-factor test, which a party must satisfy in order to obtain preliminary injunctive relief, can be assessed. Nevertheless, based on the allegations in the motion itself, Plaintiffs have not shown an immediate irreparable injury justifying the grant of such relief.

---

[19] *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).
[20] *Sutton v. Cerullo*, 3:CV-10-1899, 2014 WL 3900235, at *5 (M.D. Pa. Aug. 8, 2014).
[21] *Stilp v. Contino*, 629 F. Supp. 2d 449, 466 (M.D. Pa. 2009).
[22] *Id*.
[23] *Moore v. Mann*, 3:CV-13-2771, 2014 WL 3893909, at *2 (M.D. Pa. Aug 7, 2014).
[24] *New Jersey Retail Merchants Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 388 (3d Cir. 2012).

"Irreparable injury is established by showing that Plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.' *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) ('The preliminary injunction must be the only way of protecting the plaintiff from harm')."[25] In this context, the word irreparable has a specific meaning and connotes "that which cannot be repaired, retrieved, put down again, [or] atoned for...."[26] Thus, an injunction will not issue "simply to eliminate the possibility of a remote future injury...."[27] Plaintiffs, who have the burden of showing an imminent threat of irreparable injury, have failed to meet this precise burden with respect to their various requests for preliminary injunctive relief.

Moreover, granting the requested preliminary injunctive relief would "effectively have the federal courts making ad hoc, and individual, decisions concerning the treatment of a single [race of] prisoner, [which] could harm both the defendants' and the public's interest."[28] Accordingly, the balance of the hardships do not weigh in favor of granting Plaintiffs' requests for preliminary injunctive relief.

---

[25] *Messner v. Bunner*, No. 07-112E, 2009 WL 1406986, at *4 (W.D. Pa. May 19, 2009).
[26] *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994) (citations omitted).
[27] *Acierno*, 40 F.3d at 655 (citation omitted).
[28] *Kelly v. Merrill*, 2014 WL 7740025, at *9 (M.D. Pa. Dec. 11, 2014); *see generally Jenkins v. Crayton*, 2013 WL 3467191, at *2 (W.D. Pa. July 10, 2013) ("The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the 'operation of a correctional institution is at best an extraordinary difficult undertaking.'") (quoting *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)).

## IV   CONCLUSION

In sum, Plaintiffs have not demonstrated that they suffer from an immediate irreparable harm, and, considering that granting them the requested relief may adversely affect the interest of the Defendants and the public, the Court will deny their Motion for Preliminary Injunctive Relief and administratively close this case. Plaintiffs may reopen this case by filing a complaint. At that time, Plaintiff's motions for leave to *in forma pauperis* will be addressed, and Plaintiffs' complaint will be screened prior to service.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge