# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID JONES,                              No. 4:21-CV-00026

        Plaintiff,                     (Chief Judge Brann)

    v.

E. BRADLEY, WARDEN, *et al.*,

        Defendants.

## MEMORANDUM OPINION

### FEBRUARY 17, 2023

Plaintiff David Jones, a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") who, at the relevant time, was incarcerated at the United States Penitentiary at Canaan, ("USP-Canaan"), Waymart, Pennsylvania, commenced this *Bivens*[1] action on January 7, 2021,[2] naming as defendants Warden Bradley, and Officers Bond, Barrett and Fausnaught.

Presently pending is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),[3] and Plaintiff's motion for preliminary injunction.[4] For the reasons set forth below, I will grant Defendants' motion to dismiss Jones' complaint and deny Jones' motion for preliminary injunction.

---

[1] *Bivens v. Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] Doc. 1.

[3] Doc. 34.

[4] Doc. 33.

## I.   STANDARDS OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[7]

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[8]  "Under the pleading regime established by *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.  First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.' *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937.  Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 679, 129 S.Ct. 1937.  *See also Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not

---

[5]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]   *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[7]   *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).

[8]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937."[9] Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

Because Jones proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[11]

## II.   JONES' COMPLAINT

Jones alleges that "for over two years", the named Defendants "have been engaging in unconstitutional, illegal practice of returning African-American inmates' legal mail back to our attorneys' office, thereby causing numerous inmates, including, but not limited to Plaintiff, to miss our deadlines for filings and preventing us from communication with our attorneys."[12] Specifically, as to Jones, Plaintiff, claims that Defendants' actions caused him to "lose his '2255' due to not be[ing] able to communicate with his retained counsel."[13] He alleges that Warden Bradley was notified of the actions of Defendant Bond, Barrett and Fausnaught but

---

[9]    *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted).
[10]   *Iqbal*, 556 U.S. at 681.
[11]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[12]   Doc. 16, pp. 2, 4.
[13]   *Id.* at p. 4.

allowed them to continue.[14]   For relief, Plaintiff seeks compensatory, punitive and actual damages "in excess of 10 thousand dollars each."[15]

## III.   DISCUSSION

### A.   Motion to Dismiss

Defendants move to dismiss the complaint on the basis that there is no *Bivens* remedy available for Jones' claims.[16]   In so moving, they rely on the Supreme Court's pronouncement in *Ziglar v. Abbasi*, 582 U.S. ——, 137 S. Ct. 1843 (2017), that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity."[17]

By way of background, in *Bivens*, the Supreme Court concluded that, even absent statutory authorization, it would enforce a damages remedy allowing individuals to be compensated after experiencing Fourth Amendment violations of the prohibition against unreasonable searches and seizures.[18]   The Court extended *Bivens* to include a Fifth Amendment Due Process damages remedy to an administrative assistant claiming that a Congressman discriminated against her based on gender.[19]   The Court also expanded *Bivens* in 1980, concluding that the Eighth Amendment's prohibition on cruel and unusual punishment provided a

---

[14]   *Id.*
[15]   *Id.*
[16]   Doc. 35.
[17]   *Ziglar*, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937).
[18]   *Bivens*, 403 U.S. at 397.
[19]   *Davis v. Passman*, 442 U.S. 228, 249-49 (1979).

prisoner a cause of action for damages against prison officials who failed to treat his asthma.[20]  "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."[21]

In *Ziglar*, the Supreme Court set forth a two-part test to determine whether a *Bivens* claim may proceed.[22]  Initially, courts must determine whether the case presents a new *Bivens* context; "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by th[e] [Supreme] Court, then the context is new."[23]  "A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider."[24]  If the case presents a new context, a court must consider whether any alternative remedies exist.[25]  Even

---

[20]  *Carlson v. Green,* 446 U.S. 14, 19 (1980).
[21]  *Ziglar*, 137 S. Ct. at 1855.
[22]  *Id.* at 1857 (quoting *Iqbal*, 556 U.S. at 675).
[23]  *Id.* at 1859.
[24]  *Id.* at 1859-60.
[25]  *Id.*

absent alternative remedies, a court must also consider whether special factors counsel against extending the *Bivens* remedy.[26]

In the matter *sub judice*, Jones alleges a violation of his First Amendment rights. The Supreme Court has "never [explicitly] held that *Bivens* extends to First Amendment claims."[27] In fact, this Court has previously found on several occasions that *Bivens* does not extend to First Amendment access-to-courts claims.[28] Likewise, other courts have concluded that Bivens may not be extended to First Amendment access to the courts claims.[29] In light of this precedent, Jones' access to the courts claim presents a new *Bivens* context.

Because Plaintiff's claim presents a new context, the Court must determine whether there are any special factors that counsel hesitation in extending *Bivens*.[30]

---

[26] *Id.*

[27] *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012).

[28] *See Bossio v. Spaulding*, No. 4:20-cv-01777, 2021 WL 4123975, at *4 (M.D. Pa. Sept. 9, 2021) (Brann, C.J.) (concerning allegation of destruction of personal property); *Railey v. Ebbert*, 407 F. Supp. 3d 510, 521 (M.D. Pa. 2019) (Rambo, J.) (concerning allegations of interference with and destruction of mail); *Simmons v. Maiorana*, 3:16-cv-1083, 2019 WL 4410280, at *13 (M.D. Pa. Aug. 23, 2019) (Arbuckle, J.) (Rep. and Recom.), *adopted by* 2019 WL 4412296 (M.D. Pa. Sept. 13, 2019) (Munley, J.) (concerning allegation of being denied postage stamps); *Alsop v. Fed. Bureau of Prisons*, 2020 US Dist. LEXIS 182851, at *22 - *23 (M.D. Pa. Sept. 30, 2020) (Saporito, M.J.) (Rep. and Recom.), *adopted by* 2021 WL 784646 (M.D. Pa. Mar. 1, 2021) (Mariani, J.) (concerning allegations of being refused grievance forms and the processing of grievances); *see also Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) ("The Supreme Court has never implied a Bivens action under any clause of the First Amendment.") *Mack v. Yost*, 968 F.3d 311, 325 (3d Cir. 2020).

[29] *See, e.g., Schwarz v. Meinberg*, 761 F. App'x 732, 733-34 (9th Cir. 2019); *Vega v. United States*, 881 F.3d 1146, 1152-53 (9th Cir. 2018); *Tate v. Harmon*, No. 7:19-cv-609, 2020 WL 7212578, at *5 (W.D. Va. Dec. 7, 2020); *Lee v. Matevousian*, No. 1:18-cv-169-GSA-PC, 2018 WL 5603593, at *3-4 (E.D. Cal. Oct. 26, 2018); *Williams v. Lynch*, No. 1:16-cv-3043-DCC, 2018 WL 4140667, at *4 (D.S.C. Aug. 30, 2018).

[30] *See Mack v. Yost*, 968 F.3d 311, 317 (3d Cir. 2020).

There may be many special factors to consider, but two are " 'particularly weighty': the availability of an alternative remedial structure and separation-of-powers concerns."[31]  This Court agrees with other courts that have concluded that federal inmates have alternative remedies for the access to the courts claims in the form of the BOP's administrative remedies program; through the Federal Tort Claims Act ("FTCA"); or by seeking injunctive relief.[32]  Likewise, extending *Bivens* to Jones' claim "would substantially affect government operations and unduly burden BOP officials who must defend against this suit in their personal capacities."[33]  Moreover, "Congress's inaction and failure to provide a damages remedy, particularly where it has acted to enact sweeping reforms of prisoner litigation, suggest that an extension of a damages remedy for other types of mistreatment should not be judicially created."[34]  Courts have "afforded a level of deference to the decision making of prison officials," recognizing that "day-to-date administrative decisions have been committed solely to the province of the BOP."[35]

---

[31]   *See id*. at 320 (quoting *Bistrian v. Levi*, 912 F.3d 79, 90 (3d Cir. 2018)).

[32]   *See, e.g., Schwarz*, 761 F. App'x at 734-35; *Vega*, 881 F.3d at 1154-55; *Tate*, 2020 WL 7212578, at *6; *Lee*, 2018 WL 5603593, at *4; *Williams*, 2018 WL 4140667, at *4.

[33]   *See Schwarz*, 761 F. App'x at 735.

[34]   *See Tate*, 2020 WL 7212578, at *6.

[35]   *See Mack*, 968 F.3d at 323; *see also Railey*, 407 F. Supp. 3d at 523 (noting that "the judicial restraint exercised in cases implicating the administration of prisons is another factor weighing against extension of the *Bivens* remedy").

In sum, the Court finds that Plaintiff's First Amendment access to the courts claim presents a new context to which *Bivens* has not previously been extended. Moreover, special factors counsel against extending *Bivens* to that new context. The Court, therefore, declines to extend *Bivens* to Jones' access to courts claim, and his claim will consequently be dismissed.

### B.    Motion for Preliminary Injunction.

Plaintiff also requests that the Court grant him a preliminary injunction requiring "USP-Canaan to halt their illegal practices regarding the mishandling of Plaintiff's/inmates' legal and regular mail."[36] A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest."[37]  The elements also apply to temporary restraining orders.[38]  "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate."[39]  Furthermore, because of

---

[36]  Doc. 33.

[37]  *NutraSweet Co. v. Vit-Mar Enterprises*, Inc., 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*").

[38]  *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions).

[39]  *NutraSweet II*, 176 F.3d at 153.

the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution.[40]

As discussed above, Plaintiff's First Amendment access to the courts claim will be dismissed, as it presents a new context to which *Bivens* has not previously been extended and special factors counsel against extending *Bivens* to that new context. Accordingly, Plaintiff has failed to establish that he is likely to succeed on the merits of his claims. Consequently, his motion for preliminary injunction will be denied.[41]

## IV.   LEAVE TO AMEND

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile."[42]  I find that amendment here would be futile because Jones cannot remedy the substantial legal deficiencies in his complaint, namely that *Ziglar* prohibits extending *Bivens* to the First Amendment claim he raises here.

---

[40]   *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

[41]   *See e.g., Wilson v. Murphy*, 2020 WL 7022629, at *8 (D.N.J. 2020) ("[G]iven the complaint is being dismissed in its entirety, any request for preliminary injunctive relief is also not warranted at this time.").

[42]   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

V.      **CONCLUSION**

Based on the foregoing, Defendants' motion to dismiss Jones' complaint will be granted.  For the same reasons, Jones' motion for preliminary injunction will be denied.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge